UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RICHMOND SEQUOIA HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Richmond Sequoia Homeowners Association (the "Association") alleges as follows:

**I.     INTRODUCTION**

1.1     This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant Allstate Insurance Company ("Allstate") insurance policies issued to the Association. The Association is seeking a ruling that the Allstate policies provide coverage for hidden damage at the Richmond Sequoia Condominiums and that Allstate is liable for money damages for the cost of repairing hidden damage at the Richmond Sequoia Condominiums.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B) Damages for bad faith, breach of contract, and violations of the CPA against Allstate.

(C) Attorneys' fees and costs (including expert witness fees) against Allstate.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Shoreline, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Richmond Sequoia Condominiums. The Richmond Sequoia Condominiums consists of three residential buildings constructed in approximately 1979 containing twelve (12) units located at 700, 716, and 724 NW 189th Lane, Shoreline, Washington 98177. The exterior wall assembly consists of cedar plank bevel siding in most locations, with cedar shingles at accent infill locations at windows, either plywood sheathing or a wood fiber product manufactured by IKO, weather-resistive barrier ("WRB"), and 2x4 wood framing.

2.2 <u>Allstate</u>. Allstate is an Illinois domiciled insurer with its principal place of business in Illinois. Allstate sold and issued property insurance policies to the Association including Policy No. 050794324 (in effect from 08/16/2003 to 08/16/2007). The Allstate policies identify the Richmond Sequoia Condominiums as covered property.

2.3 <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Richmond Sequoia Condominiums as covered property.

2.4 <u>Richmond Sequoia Insurers</u>. Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Richmond Sequoia Insurers."

2.5 <u>Richmond Sequoia Policies</u>. The policies issued to the Association by the Richmond Sequoia Insurers shall be collectively referred to as the "Richmond Sequoia Policies."

///

### III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Richmond Sequoia Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV. FACTS

4.1 <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2 <u>Tender to Allstate</u>. On July 11, 2019, Soltner Group Architects ("Soltner") conducted a preliminary intrusive investigation at the Richmond Sequoia Condominiums. During the preliminary intrusive investigation at the Richmond Sequoia Condominiums, Soltner discovered hidden damage. On September 9, 2019, the Association tendered an insurance claim to Allstate for the hidden damage discovered during the July 11, 2019 preliminary intrusive investigation at the Richmond Sequoia Condominiums. As part of its claim tender, the Association asked Allstate to investigate for any other hidden damage that may exist at the Richmond Sequoia Condominiums. The Association also requested that Allstate enter into a tolling agreement with the Association. Allstate entered into a tolling agreement with the Association effective the date of tender.

4.3 <u>Joint Intrusive Investigation</u>. On May 4–5, 2020, the Association, including Soltner, Allstate, including its experts at Madsen, Kneppers & Associates, Inc. ("MKA"), and the Association's other historical insurers and respective consultants conducted a joint intrusive investigation of the Richmond Sequoia Condominiums. The joint intrusive investigation revealed system-wide damage to the sheathing, framing, and back of siding at the Richmond Sequoia Condominiums.

4.4     Soltner Findings Report. Based on the results of the joint intrusive investigation, Soltner prepared its Damage Resulting from Wind Driven Rain Report, dated September 21, 2020 ("Soltner Report"). As set forth in the Soltner Report, it is Soltner's opinion that water intrusion in the form of rainwater events, including wind-driven rain, is the primary cause of the hidden water damage identified at the Richmond Sequoia Condominiums. According to Soltner, the following secondary causal factors also contributed to the presence of hidden water damage: (1) lack of adequate flashing; (2) lack of sealant joints at building penetrations and openings; and (3) improper WRB installation. Further, according to Soltner, the hidden damage at the Richmond Sequoia Condominiums has occurred incrementally and progressively each year from 1979 to the present, and some new damage commenced during each year of the Allstate policy periods. The cost to repair the hidden damage at the Richmond Sequoia Condominiums is in excess of $1,200,000.00, well over the jurisdictional limit of $75,000.

4.5     Allstate's Denial of the Association's Claim. On February 23, 2021, Allstate unreasonably denied the Association's insurance claim. After Allstate denied the Association's claim, Allstate refused to extend the tolling agreement with the Association. As a result, the Association filed suit against Allstate.

## V.     FIRST CLAIM AGAINST THE RICHMOND SEQUOIA INSURERS: DECLARATORY RELIEF THAT THE RICHMOND SEQUOIA POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Richmond Sequoia Policies cover the hidden damage to exterior sheathing, framing, and the back of siding at the Richmond Sequoia Condominiums.

(B)     No exclusions, conditions, or limitations bar coverage under the Richmond Sequoia Policies.

(C) That the loss or damage to the Richmond Sequoia Condominiums was incremental and progressive. New damage commenced during each year of the Richmond Sequoia Policies.

(D) As a result, the Richmond Sequoia Policies cover the cost of investigating and repairing the hidden damage at the Richmond Sequoia Condominiums.

## VI.   SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1   <u>Incorporation by Reference</u>.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   Allstate has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Richmond Sequoia Condominiums.

6.3   Allstate breached its contractual duties by wrongfully denying coverage on February 23, 2021, and by failing to pay the cost of repairing the covered damage to the Richmond Sequoia Condominiums.

6.4    As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   <u>Additional Damages</u>. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its

own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3    The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4    Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Richmond Sequoia Condominiums; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policies; (3) failing to acknowledge that there is coverage under its policies when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policies; and (5) failing to define terms in the Allstate policies pursuant to the plain meaning of the terms.

7.5    In addition, Allstate ignores case law in the Western District of Washington that is directly contrary to the coverage positions taken by Allstate by, among other things, refusing to follow the decision in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 U.S. Dist. LEXIS 184729 (W.D. Wash. Dec. 23, 2015), which ruled that the Allstate Customizer policy covers: (1) wind-driven rain; (2) repeated leakage of water; (3) damage to exterior wall sheathing and framing caused by a combination of rain and inadequate construction; and (4) water damage resulting from inadequate construction or maintenance. Allstate's self-serving denial does not

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

comport with Washington law or the plain meaning of its own policy language and put Allstate's financial interests ahead of the Association's to the Association's detriment.

7.6     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.7     Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2     Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Allstate's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate

result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1 <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Richmond Sequoia Policies provide coverage as described herein.

9.2 <u>Money Damages.</u> For money damages in an amount to be proven at trial.

9.3 <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4 <u>CPA Penalties.</u> For CPA penalties against Allstate of up to $25,000 per violation.

9.5 <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 7th day of April, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com

Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660